*In the matter of the Petition of* ISAAC S. PAVEY *for a Writ of Habeas Corpus.*

DIVORCE—*Attachment to Restrain Disposition of Property.* Under the provision of § 644 of the civil code, the order of restraint therein provided for can only be granted by the district court or a judge thereof.

*Original Proceeding in Habeas Corpus.*

PETITION filed in this court on December 16, 1893. A copy thereof (omitting caption, subscription, and affidavit) is as follows:

" Comes now Isaac S. Pavey and shows to the court, first, that he is restrained of his liberty in the Douglas county jail, in the county of Douglas and state of Kansas, by L. W. Hindman, the sheriff of said county; second, that the cause or pretense of his restraint, according to the best of the knowledge and belief of this petitioner, is as follows:

"That on or about the —th day of September, A. D. 1893,

one Ellen A. Pavey, the wife of this petitioner, filed her petition in the district court of Douglas county, Kansas, praying for a divorce from this petitioner as defendant, and prayed that this petitioner be restrained from interfering with the said Ellen A. Pavey or her property; that the probate judge of said county thereupon indorsed upon the said petition that the injunction as prayed for was allowed; that except the injunction granted by the probate judge of said county, as aforesaid, no injunction or restraining order has ever been granted in the said action, restraining or purporting to restrain this petitioner from interfering with said plaintiff or her property; that no bond for said injunction has ever been filed in the said action; that on the ——— day of ——————, 189 —, an affidavit was filed by the said Ellen A. Pavey, both of herself and her minor daughter, charging this petitioner with assaulting the said Ellen A. Pavey and the said minor daughter; that the said district court of Douglas county thereupon issued an order requiring this petitioner to appear upon the 14th day of December, A. D. 1893, and show cause why he should not be punished for contempt for violating said injunction; that the said court, on said 14th day of December, in the year aforesaid, did find this petitioner in contempt of said court, for having, as it was alleged, committed the said acts of violence, as hereinbefore stated; that the illegality of the restraint imposed upon this petitioner consists of—

"1. Imprisonment of this petitioner by the sheriff of Douglas county for disobeying an injunction wholly void for the reason that the probate judge had no authority to grant the same, and no bond having been filed as required by law.

"2. The acts alleged to have been committed were not in violation of the said injunction.

"3. That the probate judge had not, nor had the district judge, any authority to restrain this petitioner, without bond, from doing anything else than disposing of the said Ellen A. Pavey's property, or his own property.

"4. That the alleged acts of violence committed by this petitioner were putting the said Ellen A. Pavey out of the room in which she was at the time assaulting this petitioner, without cause or provocation, and that this petitioner used no more force than was necessary in putting said Ellen A. Pavey out of the room."

On January 2, 1894, the sheriff aforesaid filed his answer

to the petition.    It was also stipulated and agreed by and be-
tween the parties to the action that the production of the body
of the petitioner before the court in obedience to the writ
should be waived, and that the case should be submitted to
the court for decision without further pleadings and without
argument or briefs.

*Thacher & Poehler*, for petitioner.

*Spangler & Brownell*, for respondent.

On Tuesday, the 2d day of January, 1894, before the su-
preme court of the state of Kansas, in session at the supreme
court room, in the city of Topeka, the following proceeding
was had, and remains of record at page 6 of Journal "V" of
said court:

### *In re* Isaac S. Pavey:

"This cause comes on to be heard on the pleadings herein
filed; and thereupon, after due consideration by the court, it is
ordered that the petition for the writ of *habeas corpus* be granted,
and that the petitioner be discharged from the custody of the
sheriff of Douglas county, the court holding that, under the
provision of § 644 of the civil code, the order of restraint
therein provided for can only be granted by the district court
or a judge thereof, and that the order of J. Q. A. Norton,
probate judge of Douglas county, of August 26, 1893, is
wholly inoperative and void, no injunction bond having been
ordered or filed.    It is further ordered, that the respondent
herein pay the costs of this proceeding, taxed at $——, and
hereof let execution issue."